IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TODD WINTON,

        Plaintiff,

v.

SAINT VINCENT HEALTH CENTER, D/B/A
SAINT VINCENT HOSPITAL, ALLEGHENY
HEALTH NETWORK, D/B/A ALLEGHENY
SAINT VINCENT HOSPITAL, JOHN DOE 1
(A FICTITIOUS NAME),

        Defendants.

Case Number: 1:22-cv-256

## COMPLAINT

AND NOW comes the Plaintiff, TODD WINTON, by and through his attorneys, Douglas J. Olcott, Esquire, and the law firm of Edgar Snyder & Associates, LLC, and files the following Complaint in a Civil Action, respectfully averring as follows:

### PARTIES

1.    Plaintiff TODD WINTON ("TODD") is an adult individual residing in Sinclairville, Chautauqua County, New York.

2.    Defendant SAINT VINCENT HEALTH CENTER D/B/A SAINT VINCENT HOSPITAL is a healthcare company incorporate in the Commonwealth of Pennsylvania, Entity No. 607166, which at all times relevant hereto operated a hospital located at 232 W. 25th Street, Erie, Erie County, Pennsylvania.

3.    Defendant SAINT VINCENT HEALTH CENTER D/B/A SAINT VINCENT HOSPITAL owns the premises located at 232 W. 25th Street, Erie, Erie County, Pennsylvania (hereinafter "PREMISES").

4. Defendant ALLEGHENY HEALTH NETWORK, D/B/A ALLEGHENY SAINT VINCENT HOSPITAL is a healthcare company incorporate in the Commonwealth of Pennsylvania, Entity No. 4062364 with a principal place of business located at 120 Fifth Avenue, Pittsburgh, Allegheny County, Pennsylvania.

5. Defendant SAINT VINCENT HEALTH CENTER D/B/A SAINT VINCENT HOSPITAL is a wholly owned subsidiary of the parent corporation ALLEGHENY HEALTH NETWORK, D/B/A ALLEGHENY SAINT VINCENT HOSPITAL and the two entities will hereinafter be referred to collectively as "ST. VINCENT".

6. Defendant JOHN DOE 1 is a fictitious name intended to identify the snow removal/plow company that was hired by ST VINCENT to remove snow and/or ice from the Emergency Room entrance, parking lot, and/or loading dock area at the PREMISES in January 2021.

**JURISDICTION**

7. This action is brought pursuant to 28 U.S.C. § 1332 related to diversity of citizenship.

8. Plaintiff TODD is a citizen of New York State.

9. Defendant ST. VINCENT is a citizen of the Commonwealth of Pennsylvania.

10. It is believed and therefore averred that Defendant JOHN DOE 1 is a citizen of the Commonwealth of Pennsylvania.

11. The amount in controversy between the parties exceeds the sum or value of $75,000, exclusive of interest and costs.

12. Venue is properly within this District as the Defendants reside in this District and the acts complained of occurred in the Western District of Pennsylvania.

## MATERIAL FACTS

13. At all times material hereto, ST. VINCENT owned, possessed, operated, controlled, managed, supervised, superintended, and/or maintained the PREMISES.

14. At all times material hereto, ST. VINCENT operated a hospital at the PREMISES.

15. At all times material hereto, ST. VINCENT acted by and through their agents, servants, and/or employees who were acting within the scope and course of their agency, duties, and/or employment.

16. The PREMISES included a loading dock area on W. 24th Street near the Emergency Room Entrance to the hospital. (A Google Image showing the loading docket location is attached hereto as **Exhibit "A"**).

17. At all times material hereto, ST. VINCENT was responsible for the removal of snow and/or ice on the PREMISES and for the safety of patrons visiting the PREMISES.

18. Upon information and belief, ST. VINCENT contracted with JOHN DOE 1 to perform snow and/or ice removal services for the Emergency Room entrance, parking lot, and/or loading dock area of the PREMISES.

19. At all times material hereto, TODD was employed by Stericycle

20. At all times material hereto, Stericycle was hired by ST. VINCENT to dispose of certain hazardous medical waste.

21. On January 20, 2021, TODD was on the PREMISES to perform his job of removing certain hazardous waste from ST. VINCENT hospital, accordingly TODD was a business invitee at all times relevant hereto.

22. As a business invitee Defendants ST. VINCENT and JOHN DOE owed TODD a duty of care to maintain the PREMISES in a safe and businesslike manner free of defects including, snowy, icy, and/or otherwise slippery surfaces.

23. On the morning of January 20, 2021, the loading dock ramp was covered with snow that had not been plowed/shoveled or otherwise treated with any type of anti-skid material.

24. TODD backed his truck into the loading dock area and placed the dock bridge plate, provided by ST. VINCENT, between the loading dock and the back of his truck as this was the only area he could perform the work he was contracted to provide to ST. VINCENT.

25. As TODD was in the process of walking across the dock bridge plate loading his truck his truck began sliding down the loading dock ramp, due to the presence of snow, ice, and/or an otherwise slippery surface on the loading dock ramp, causing the dock plate to collapse and TODD to fall several feet to the ground. (A photograph showing the conditions on the loading dock ramp, and how far the truck slid from its parked position due to the snowy/icy conditions is attached hereto as **Exhibit "B"**).

26. Prior to TODD's arriving at the PREMISES, Defendants ST. VINCENT and JOHN DOE 1 knew or should have known through the exercise of reasonable care of the snowy, icy, and/or otherwise slippery surfaces that existed on the PREMISES, including but not limited to, the loading dock area.

27. The accumulation of the snowy, icy, and/or otherwise slippery surfaces that existed on the PREMISES was the result of Defendants ST. VINCENT and/or JOHN DOE 1's failure to properly remove and/or otherwise properly treat the snowy, icy, and/or otherwise slippery surfaces from the PREMISES, including but not limited to, loading dock area

28.     The January 20, 2021, fall resulted in serious and severe injuries to TODD more fully set forth herein below.

## COUNT I - NEGLIGENCE
### Todd Winton v. Saint Vincent Health Center d/b/a Saint Vincent Hospital and Allegheny Health Network, d/b/a Allegheny Saint Vincent Hospital

29.     The above paragraphs are hereby incorporated by reference as if fully set forth at length herein.

30.     The aforesaid fall was a direct and proximate result of the negligence and carelessness of ST. VINCENT in general and in the following particulars:

    a.  In creating, allowing, or permitting an accumulation of ice and/or snow to exist on the PREMISES;

    b.  In failing to remove or otherwise clear the accumulation of ice and/or snow from the PREMISES;

    c.  In failing to apply snow/ice removal substances such as rock salt or ice melt to the loading dock ramp to melt the snow/ice;

    d.  In failing to apply sand or some other anti-skid substances to the loading dock ramp to create a safe walking/parking surface;

    e.  In failing to properly, promptly, frequently and/or adequately inspect for the accumulation, formation, and existence of ice and/or snow on the loading dock ramp portion of the PREMISES;

    f.  In causing, allowing, or permitting a dangerous or hazardous condition to exist on the PREMISES;

    g.  In causing, allowing, or permitting an unsafe parking/walking surface to exist on the PREMISES;

    h.  In failing to properly, promptly, adequately, sufficiently, or frequently maintain the PREMISES;

    i.  In failing to take the necessary precautions to ensure that the PREMISES was maintained in a safe, secure, and proper manner;

    j.  In failing to properly, promptly, adequately, or frequently inspect the PREMISES in an attempt to discover the hazardous and dangerous condition aforesaid;

k. In failing to adequately keep and maintain the PREMISES in a safe condition, free and clear of slipping hazards and irregularities such as existed on the date of the fall;

l. In failing to properly promptly, adequately, sufficiently, or frequently warn, place cones, advise or otherwise notify users of the PREMISES of the hazardous and dangerous condition such as existed on the date of the fall;

m. In failing to properly, promptly, adequately, or frequently warn, advise or otherwise notify invitees in general and Plaintiff in particular of the dangerous conditions of the PREMISES of which Defendant knew or should have known;

n. In failing to prohibit or otherwise regulate use of the loading dock ramp when it may have been unsafe for proper use;

o. In failing to hire properly qualified and/or trained inspection, repair, and/or maintenance personnel to properly inspect and clear the loading dock ramp;

p. In failing to hire properly qualified and/or trained a competent snow/ice removal company to properly inspect and clear the loading dock ramp;

q. In failing to make adequate preparations for Plaintiff's use of the PREMISES;

r. In failing to have in place appropriate and proper procedures for regular inspections to discover dangerous conditions of the PREMISES such as to prevent or eliminate the accumulation of ice and/or snow on the loading dock ramp portion of the PREMISES;

s. In failing to properly train, instruct, manage, hire, educate, and/or supervise its officers, agents, or employees, and/or contractors to make certain that inspections would be conducted in an appropriate and timely manner so as to discover the dangerous condition on the PREMISES;

t. In failing to properly and/or adequately train, instruct, manage, hire, educate, observe, and/or supervise the inspection, repair, and/or maintenance personnel assigned to secure, inspect, repair, and/or maintain the loading dock ramp portion of the PREMISES;

u. In failing to properly and/or adequately train, instruct, manage, hire, educate, observe, and/or supervise the inspection, repair, and/or maintenance personnel assigned to clear ice and/or snow from the loading dock ramp portion of the PREMISES;

v. In failing to provide a proper loading dock plate to span to area between the loading dock and any delivery trucks in accordance with 29 C.F.R. 1910.26;

    w.    In failing to properly store the loading dock plate in a safe location which was clean and away from substances and/or debris which could cause it to become slippery;

    x.    In allowing slippery substances and/or debris to accumulate on and around the dock plate, when it was not in use, thereby making the dock plate slipper and dangerous;

    y.    In failing to provide a dock plate that had a proper anchoring method such as locking legs, pins, or other methods, to prevent shifting, movement, and/or separation;

    z.    In failing to recognize and implement vehicle creep control measures to reduce the risk of vehicle creep and the dock plate collapsing; and

    aa.    In failing to properly supervise the loading dock area.

31.    As a direct and proximate result of the aforesaid negligence and carelessness of ST. VINCENT, TODD sustained the following injuries, some or all of which are of a permanent nature:

    a.    Right shoulder contusion;

    b.    Right shoulder rotator cuff tear requiring surgical repair;

    c.    Right shoulder tendinitis/impingement syndrome requiring surgical repair;

    d.    Right shoulder SLAP lesion/glenoid labral tear with biceps tendon rupture requiring surgical repair;

    e.    Loss of right shoulder range of motion;

    f.    Loss of right shoulder strength;

    g.    Left knee contusion;

    h.    Torn left knee ACL and sprain of the left ACL, for which surgical repair had been recommended;

    i.    Loss of left knee range or motion;

    j.    Loss of left knee strength; and

    k.    Other severe and permanent injuries, the exact nature of which are unknown to Plaintiff at this time.

32. As a further direct and proximate result of this incident, TODD has suffered severe physical pain, mental anguish, humiliation, embarrassment, loss of enjoyment of life, loss of vitality, vigor, health and/or strength and may continue to suffer the same for an indefinite time into the future.

33. As a further direct and proximate result of this incident, TODD has suffered a loss of earnings and/or impairment of earning capacity and power.

34. As a further direct and proximate result of the aforesaid accident, TODD has been and will be obliged to receive and undergo medical attention and care and to expend various sums of money and to incur various expenses and Plaintiff may be obliged to expend such sums or incur such expenditures for an indefinite time into the future.

WHEREFORE, Plaintiff, TODD WINTON, demands judgment jointly and severally, in his favor and against Defendants, SAINT VINCENT HEALTH CENTER D/B/A SAINT VINCENT HOSPITAL and/or ALLEGHENY HEALTH NETWORK, D/B/A ALLEGHENY SAINT VINCENT HOSPITAL for compensatory damages, plus interest and costs as the law may allow

**JURY TRIAL DEMANDED.**

**COUNT II - NEGLIGENCE**
**Todd Winton v. John Does 1 (A Fictitious Name)**

35. The above paragraphs are hereby incorporated by reference as if fully set forth at length herein.

36. JOHN DOE 1 was hired to provide snow and ice removal from the PREMISES, including but not limited to the loading dock ramp, at the time of this incident.

37. The aforesaid fall was a direct and proximate result of the negligence and carelessness of ST. VINCENT in general and in the following particulars:

a. In creating, allowing, or permitting an accumulation of ice and/or snow to exist on the PREMISES;

b. In failing to remove or otherwise clear the accumulation of ice and/or snow from the PREMISES;

c. In failing to apply snow/ice removal substances such as rock salt or ice melt to the loading dock ramp to melt the snow/ice;

d. In failing to apply sand or some other anti-skid substances to the loading dock ramp to create a safe walking/parking surface;

e. In failing to properly, promptly, frequently and/or adequately inspect for the accumulation, formation, and existence of ice and/or snow on the loading dock ramp portion of the PREMISES;

f. In causing, allowing, or permitting a dangerous or hazardous condition to exist on the PREMISES;

g. In causing, allowing, or permitting an unsafe parking/walking surface to exist on the PREMISES;

h. In failing to properly, promptly, adequately, sufficiently, or frequently maintain the PREMISES;

i. In failing to take the necessary precautions to ensure that the PREMISES was maintained in a safe, secure, and proper manner;

j. In failing to properly, promptly, adequately, or frequently inspect the PREMISES in an attempt to discover the hazardous and dangerous condition aforesaid;

k. In failing to adequately keep and maintain the PREMISES in a safe condition, free and clear of slipping hazards and irregularities such as existed on the date of the fall;

l. In failing to properly promptly, adequately, sufficiently, or frequently warn, place cones, advise or otherwise notify users of the PREMISES of the hazardous and dangerous condition such as existed on the date of the fall;

m. In failing to properly, promptly, adequately, or frequently warn, advise or otherwise notify invitees in general and Plaintiff in particular of the dangerous conditions of the PREMISES of which Defendant knew or should have known; and

n. In failing to make adequate preparations for Plaintiff's use of the PREMISES.

38. As a direct and proximate result of the aforesaid negligence and carelessness of JOHN DOE 1, TODD sustained the following injuries, some or all of which are of a permanent nature:

    a. Right shoulder contusion;

    b. Right shoulder rotator cuff tear requiring surgical repair;

    c. Right shoulder tendinitis/impingement syndrome requiring surgical repair;

    d. Right shoulder SLAP lesion/glenoid labral tear with biceps tendon rupture requiring surgical repair;

    e. Loss of right shoulder range of motion;

    f. Loss of right shoulder strength;

    g. Left knee contusion;

    h. Torn left knee ACL and sprain of the left ACL, for which surgical repair had been recommended;

    i. Loss of left knee range or motion;

    j. Loss of left knee strength; and

    k. Other severe and permanent injuries, the exact nature of which are unknown to Plaintiff at this time.

39. As a further direct and proximate result of this incident, TODD has suffered severe physical pain, mental anguish, humiliation, embarrassment, loss of enjoyment of life, loss of vitality, vigor, health and/or strength and may continue to suffer the same for an indefinite time into the future.

40. As a further direct and proximate result of this incident, TODD has suffered a loss of earnings and/or impairment of earning capacity and power.

41. As a further direct and proximate result of the aforesaid accident, TODD has been and will be obliged to receive and undergo medical attention and care and to expend various sums

of money and to incur various expenses and Plaintiff may be obliged to expend such sums or incur such expenditures for an indefinite time into the future.

WHEREFORE, Plaintiff, TODD WINTON, demands judgment jointly and severally, in his favor and against Defendant, JOHN DOE 1 for compensatory damages, plus interest and costs as the law may allow

**JURY TRIAL DEMANDED**.

Respectfully submitted,

ATTORENYS FOR PLAINTIFF

By: *[signature]*

Douglas J. Olcott, Esquire
P.A. I.D. No. 204851

dolcott@edgarsnyder.com
EDGAR SNYDER & ASSOCIATES, LLC
US Steel Tower, 10th Floor
600 Grant Street
Pittsburgh, PA 15219-2705
(412) 394-1000